IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELI BRYSON,

    Petitioner,                      No. CIV S-08-1993 GEB GGH P

    vs.

LARRY SMALL,                        ORDER &

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____ /

Introduction

       Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's November 4, 2008, motion to dismiss. An Order to Show Cause issued on January 22, 2009, directing petitioner to show cause why the motion should not be granted for petitioner's failure to oppose the motion. Petitioner's response, filed on February 4, 2009, does not address why no opposition was timely filed but purports, in some degree, to oppose the motion. Given petitioner's pro se status, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam)(pro se litigant pleadings held to "less stringent standards than formal pleadings drafted by lawyers"), the court will find that petitioner has discharged the show cause order and filed an opposition.

Petition

According to petitioner, he was convicted on July 25, 2005, of thirty counts of lewd acts with a child under fourteen, pursuant to Cal. Pen. Code § 288(a), and sentenced to a term of 133 years.[1]  Petition, p. 1; see also, respondent's Lodged Doc. A.  The grounds of his challenge are: 1) denial of his Fifth, Sixth, and Fourteenth Amendment rights to a jury trial on aggravating sentencing factors; 2) de facto term of life without possibility of parole is grossly disproportionate punishment in violation of the federal and state constitutions; 3) sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; 4) trial court abuse of discretion and violation of due process in refusal to strike prior strike conviction and in imposition of consecutive sentences for all 29 subordinate terms; 5) trial court's abuse of sentencing discretion violated substantive due process under the Fifth and Fourteenth Amendments (incomplete argument as to this ground within petition).  Id., pp. 7-38.

Motion to Dismiss

Respondent moves for dismissal on the ground that the petition contains unexhausted claims, as well as some claims that do not present a federal question.  Motion to Dismiss (MTD), pp. 1-7.  Specifically, respondent contends that petitioner failed to exhaust, under claim 2, his ineffective assistance of counsel argument and failed to exhaust his claims of sentencing court abuse of discretion within claims 4 and 5.  Respondent also contends that claims 2 and 3 do not raise a federal question and are thus meritless.

*Exhaustion*

Respondent states that petitioner appealed his conviction but filed no state habeas corpus challenges, an assertion petitioner does not refute in his opposition.  MTD, p. 3.  Within

---

[1] Respondent maintains that, in a bifurcated proceeding, petitioner admitted a prior serious felony conviction constituting a strike prior under California's three strikes law and serving as a basis for an enhancement for serving a prior prison term and committing a new felony offense within five years of his release.  Motion to Dismiss (MTD), p. 3, citing Cal. Pen. Code §§ 667(b)-(I), 1170.12, 667.5(b); Lodged Doc. A.

the petition for review to the state supreme court, two issues were set forth as follows: 1) "Did the imposition of consecutive terms based on judicial fact-finding by a preponderance of evidence violate the Sixth Amendment right to jury trial as applied to the states via the Fourteenth Amendment?" and 2) "Did the imposed sentence violate the Eighth Amendment proscription of cruel and unusual punishment as applied to the States via the Fourteenth Amendment?" MTD, p. 3, citing Lodged Doc. B[, pp. 1-2]. Respondent notes that the state supreme court denied review without comment. Id., citing Lodged Doc. C.

Respondent argues that the ineffective assistance of counsel claim (IAC) imbedded within ground 2 of the instant petition is unexhausted. MTD, pp. 5, 7. Petitioner's argument as to each of respondent's assertions is that all the issues he raised to the Third District Court of Appeal were also raised in the petition for review to the California Supreme Court ("to the best of [his] recollection....") Opp., p. 2.[2] Without clarifying which ones, petitioner contends that he raised IAC claims as to two of the issues. Id., at 3. To the extent the court should find any claims unexhausted, petitioner asks for a stay and abeyance while he seeks exhaustion of state court remedies, citing Rhines, infra. Id. Petitioner concludes that his appellate attorney informed him that all of his state court remedies had been exhausted so he submitted those claims to this court. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[2] No party has provided the petition to the Third District Court of Appeal; petitioner identifies the issues he raised on appeal to the state appellate court as: "(1) the order requiring appellant to pay the fee to reimburse the county (2) denial of jury trial on aggravating sentencing factors violated the Fifth, Sixth, and Fourteenth Amendments (3) the imposed de facto term of life without the possibility of parole violates the state and federal constitutional bans on grossly disproportionate punishment (4) the trial court abused its discretion and violated due process when it refused to strike the prior strike conviction and imposed consecutive sentences for all 29 subordinate terms (5) the jail classification fee." Opp., pp. 1-2.

1  providing the highest state court with a full and fair opportunity to consider all claims before
2  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512
3  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
4         In the instant federal petition, it does appear that petitioner includes an IAC claim
5  as an alternate argument in support of his claim 2 – that the de facto term of life without
6  possibility of parole is grossly disproportionate punishment in violation of the federal and state
7  constitutions – but the court can locate no other ground within which petitioner raises an IAC
8  claim.  Petition, pp. 16-18.  From this court's review of the Third District Court of Appeal's
9  unpublished decision, it does appear that petitioner raised the same alternate argument before that
10  court on the same ground.  Lodged Doc. A (referenced in the decision under section III), p. 8.
11  Petitioner also appears to have appended the appellate court's decision to the petition for review,
12  although the actual brief containing the issues raised in the petition for review does not appear to
13  reference an IAC claim.  Lodged Doc. B.  The Supreme Court has held that:

> ordinarily a state prisoner does not "fairly present" a claim to a
> state court if that court must read beyond a petition or a brief (or a
> similar document) that does not alert it to the presence of a federal
> claim in order to find material, such as a lower court opinion in the
> case, that does so.

Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004).

In a recent unpublished Ninth Circuit decision,[3] where a petitioner (in the state of Washington) had attached lower court petitions to a petition to the Washington State Supreme Court, this was enough to distinguish it from the Baldwin ruling, the Ninth Circuit panel finding that in Baldwin no lower court opinion had been attached to the state supreme court petition. Miller v. Quinn, 307 Fed. Appx. 96, 98 (9th Cir. Jan. 9, 2009).  In the instant petition, petitioner

---

[3] The Ninth Circuit now permits citation to unpublished cases.  Ninth Circuit Rule 36-3, in accordance with Fed. R. App. P. 32.1, now permits citation to unpublished dispositions and orders issued on or after January 1, 2007.  However, such rulings "are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."  Ninth Circuit Rule 36-3(a).

4

evidently did attach the appellate court ruling but did not attach the accompanying briefs as appendices to the state supreme court petition.   In <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005), the Ninth Circuit stated that for a claim to be exhausted:

> In this circuit, the petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing federal case law... [Citation omitted.] While the petitioner must refer to federal law in state court explicitly, exhaustion is satisfied once the petitioner makes that explicit reference even if the petitioner relies predominantly on state law before the state courts. [Citation omitted.]

Simply attaching a lower court ruling, where a passing reference is made to an IAC claim, to a petition for review, and without even attaching the briefing filed before the state appellate court, is not enough to exhaust such a claim, where the issues narrowed within the petition for review itself do not implicate such a claim.  However, all of this begs the question as to whether petitioner has even raised a legitimate IAC claim in this court, and the undersigned finds that petitioner has not.  A federal court can deny a claim that is meritless even if a petitioner has failed to exhaust state court remedies.  <u>See</u> 28 U.S.C. § 2254(b)(2).  Nothing in the petition specifically alleges how his counsel was ineffective with regard to the imposition of the sentence, rather the claim of a disproportionate sentence sounds under the Eighth Amendment.

In claim 4, trial court abuse of discretion and violation of due process in refusal to strike prior strike conviction and in imposition of consecutive sentences for all 29 subordinate terms, and claim 5, trial court's abuse of sentencing discretion violated substantive due process under the Fifth and Fourteenth Amendments, respondent argues that petitioner failed to present any claim regarding abuse of the trial court's discretion before the state supreme court.  Opp., pp. 5, 7.  Respondent is correct that to the extent that petitioner seeks to frame a claim of abuse of the trial court's discretion in this court, such claims were not presented in the petition for review (notwithstanding the appellate court ruling apparently attached as an appendix).  In the petition for review, petitioner, as appellant, sought to implicate judicial fact-finding in the imposition of

1   petitioner's consecutive sentence, arguing that the Sixth Amendment required a jury
2   determination of the facts to impose consecutive sentences, relying on Cunningham v. California,
3   549 U.S. [270], 127 S. Ct. 856, 863, 864 (2007), as well as contending that the sentence imposed
4   was grossly disproportionate and violated the Eighth Amendment.  Respondent's Lodged Doc. B,
5   pp. 5-11.   No reference is made to abuse of judicial discretion as set forth in claims 4 and 5
6   herein.  Both petitioner's claims of abuse of trial court discretion contained within claims 4 and 5
7   are, indeed, unexhausted.   However, the more substantive point is that claims of a state trial
8   court's abuse of discretion are not claims upon which petitioner may proceed in federal court on
9   habeas review.   While respondent does not raise this as a ground for dismissal as to the abuse of
10  discretion claims, the same analysis applies to those claims as applies to respondent's argument
11  that portions of claims 2, de facto term of life without possibility of parole is grossly
12  disproportionate punishment in violation of the federal and state constitutions, and 3, sentence
13  constitutes cruel and unusual punishment in violation of the Eighth Amendment (within which
14  claim petitioner predicates a portion of his argument on the state constitution), based on the
15  California state constitution do not present a federal question, but rather that they address state
16  law questions, for which federal habeas corpus is unavailable. MTD, p. 6, citing 28 U.S.C. §
17  2254(a); Estelle v. McGuire, 502 U.S. 62, 68[, 122 S. Ct. 475, 480] (1991); Milton v.
18  Wainwright, 407 U.S. 371, 377[, 92 S. Ct. 2174, 2178] (1972); Pulley v. Harris, 465 U.S. 37,
19  41[, 104 S. Ct. 871, 874-75] (1984).
20          A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis
21  of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d
22  1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is
23  unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp,
24  768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.
25  Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state
26  issues de novo.  Milton v. Wainwright, supra, at 377, 92 S. Ct. at 2178.

The Supreme Court has reiterated the standards of review for a federal habeas court.  Estelle v. McGuire, supra, 502 U.S. 62, 112 S. Ct. 475.  In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief.  The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68, 112 S. Ct. at 480.  The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).  To the extent that claims 2 and 3 are predicated upon the state constitution, and claims 4 and 5 raise claims of state court abuse of discretion, petitioner does not state a federal question and those claims or portions of claims should be stricken.

District courts have the authority to stay a mixed habeas petition and hold it in abeyance pending the exhaustion of the unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 278 (2005).  The discretion is not unfettered, but, as the Supreme Court has stated, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Additionally, the Supreme Court has recommended that "[a] prisoner seeking state postconviction relief might avoid [having a court find the petition time-barred] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)(citing Rhines, 544 U.S. at 276).

7

In this case, petitioner asks the court, as noted, should any of his claims be found unexhausted, to stay the petition pending exhaustion. However, his entire argument for exhaustion rests on his apparent belief that his appellate attorney indicated that all of his claims had been exhausted. Although it does not appear to the court that petitioner engaged in intentionally dilatory litigation tactics, neither does his barely and belatedly asserted opposition show good cause for his having failed to exhaust all of his claims prior to filing the instant petition, even assuming the unexhausted claims had merit in the context of this petition. See, e.g., Williams v. Borg, 139 F.3d 737, 740 (9th Cir. 1998) (federal habeas review is limited to constitutional violation, not abuse of discretion). The motion should be granted on this ground and the court will recommend that the IAC argument in claim 2, and the abuse of discretion grounds in claims 4 and 5 be stricken from the petition. Thus, what remains of claims 2 and 3 is claim of a disproportionate sentence in violation of the Eighth Amendment, which is one claim, and the court will recommend striking claim 2 and subsuming any argument within claim 2 which goes to an Eighth Amendment violation within claim 3 which specifically alleges an Eighth Amendment violation and claim 3 should proceed only to the extent that an Eighth Amendment violation of the federal constitution is alleged by the imposition of the lengthy sentence.

As to claims 4 and 5, the court has already noted that abuse of trial courts discretion does not frame a federal constitutional claim, thus eliminating claim 5 and the incomplete argument appended thereto. Claim 4 also states a claim that petitioner's right to due process was violated in the sentencing court's refusal to strike prior strike conviction and in imposition of consecutive sentences for all 29 subordinate terms. There is no viable federal claim that can be premised on an argument that petitioner's constitutional rights were violated by the state court's having imposed consecutive sentences for the 29 subordinate terms. See Oregon v. Ice, ___ U.S. ___, 129 S. Ct. 711, 716-719 (2009), holding that the Sixth Amendment is not implicated where judges, rather than juries, make the findings of fact necessary to impose

consecutive, rather than concurrent, sentences for multiple offenses. To the extent petitioner has a colorable ground for a violation of the Sixth Amendment by the imposition of his sentence under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); United States v. Booker, 543 U.S. 220,125 S. Ct. 738 (2005); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); or Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), in both claim 4 and claim 5, he has set that forth that exhausted ground under claim 1 (Petition, pp. 7-13). Thus, claims 4 and 5 should be stricken.

Accordingly, IT IS ORDERED that, by his filing dated February 4, 2008 (docket # 18), petitioner has discharged the court's Order to Show Cause, filed on January 22, 2009 (docket # 17).

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed on November 4, 2008 (docket # 15), be granted:

    a) On the ground of petitioner's having failed to exhaust state court remedies as to the ineffective assistance of counsel argument raised in claim 2, and as to the abuse of trial/sentencing court discretion grounds raised in claims 4 and 5, and that these arguments/grounds be stricken from the claims of the petition; and,

    b) On the ground that claims 2 and 3 fail to state a federal question to the extent they rest on the state constitution and this portion of both claims be stricken; and further that;

2. Claims 2, 4, and 5 be stricken as failing to set forth federal constitutional grounds upon which petitioner may proceed; and

3. Respondent be directed to file an answer to the petition, as modified, to claims 1 and 3 within 30 days of adoption of these Findings and Recommendations, should that occur, with petitioner directed to thereafter file any traverse/reply within 30 days.

\\\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 07/14/09

/s/ Gregory G. Hollows

───────────────────────────────
UNITED STATES MAGISTRATE JUDGE

GGH:009
brys1993.mtd