1
2
3
4
5
6
7
8
# United States District Court
9
## Eastern District of California
10
11   ELI BRYSON,                                              CIV S-08-1993 TJH
12                        Petitioner,
13         v.
14   LARRY SMALL,                                             Order
15                        Respondent.
16

17         During a seven month period between August, 2004, and February, 2005,
18   Petitioner molested the 12-year-old daughter of his girlfriend.  Some of the incidents
19   were videotaped.  One evening, when Petitioner's girlfriend came home from work, she
20   noticed the video camera.  She turned it on and saw her daughter orally copulating the
21   Petitioner. Petitioner's girlfriend took the video camera and tape, fled Petitioner's home,
22   and called the police.

23         Petitioner was found guilty on thirty counts of lewd and lascivious acts with a
24   child under the age of fourteen and was sentenced to an aggregated term of 133 years:
25   Twelve years for count 1; Consecutive four-year terms for counts 2-30; and a five-year
26   enhancement for a prior serious felony.

27         Three of petitioner's *habeas corpus* claims have been stricken.  Petitioner, now,
28   seeks a writ of *habeas corpus* on the remaining issues, claiming that:  (1) Consecutive

1  terms denied the Petitioner's right to a fair trial because they were based on the judge's

2  determination of aggravating factors without a jury finding on the issues; and (2) The

3  imposed sentence violates the Constitution's proscription of cruel and unusual

4  punishment.

5      The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides

6  that a federal court may grant *habeas* relief if a state court adjudication resulted in a

7  decision that (1) was contrary to, or involved an unreasonable application of, clearly

8  established Federal law, as determined by the Supreme Court, or (2) was based on an

9  unreasonable determination of the facts in light of the evidence presented in the state

10 court proceeding.

11     Petitioner contends that the trial court violated his Sixth Amendment right to a jury

12 trial by finding aggravating factors to support consecutive sentences without a finding

13 by a jury.

14     The Sixth Amendment requires juries, not judges, to find facts relevant to

15 sentencing. *United States v. Booker,* 543 U.S. 220, 245, 125 S. Ct. 738, 756, 160 L. Ed.

16 2d 621 (2005).  However, "specifications of the regime for administering multiple

17 sentences is considered the prerogative of state legislature."  *Oregon v. Ice,* 555 U.S.

18 160, 168, 129 S. Ct. 711, 717, 172 L. Ed. 2d 517, 525 (2009).  California Penal Code §

19 667 states that if there is a current conviction for more than one felony count not

20 committed on the same occasion, and not arising from the same set of operative facts, the

21 trial court shall sentence the defendant consecutively on each count. Cal. Penal Code §

22 667(c)(6), (7).  The Supreme Court, in *Oregon*, 555 U.S. at 163, approved of California's

23 method of imposing consecutive prison terms and deemed it not to violate the Sixth

24 Amendment.

25     In sentencing Petitioner to consecutive terms, the trial court found that the crimes

26 were separate offenses.  The trial court, also, found the following aggravation factors to

27 further justify consecutive terms: Petitioner took advantage of a position of trust, had

28 prior convictions, had been to prison before, and was on parole when he committed the

current offenses.   However, regardless of the trial court's aggregation factors, the consecutive terms were mandatory under § 667 and constitutional under *Oregon*. Accordingly, Petitioner is not entitled to *habeas corpus* relief on his Sixth Amendment claim.

The Petitioner, also, argues that his 133 year sentence is unconstitutional because it violates his Eighth Amendment right to be free from  cruel and unusual punishment. The Eighth Amendment does not require strict proportionality between crime and sentence; it only forbids extreme sentences that are "grossly disproportionate' to the crime. *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 1186, 155 L. Ed. 2d 108, 119 (2003).  Generally, as long as the sentence imposed by the state trial court does not exceed the statutory maximum, the sentence will not be considered cruel and unusual punishment under the Eighth Amendment. *United States v. McDougherty,* 902 F.2d 569, 576 (9th Cir. 1990).   Here, Petitioner's sentence is within California's statutory maximum penalty.

Even though the sentence is within the statutory maximum, its constitutionality may be evaluated by considering three factors:  (1) The gravity of the offense and harshness of the penalty; (2) A comparison with sentences imposed on other crimes in the same jurisdiction; and (3) A comparison with sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3009-11, 77 L. Ed. 2d 637, 650 (1983).

Considering the first factor, it is clear that the Petitioner's actions are extremely serious due to the number of counts and duration of his conduct, the age of the victim, and the fact that the Petitioner video-taped the crimes.  In light of the nature of the crimes, the punishment cannot be said to exceed the gravity of the harm done to the child victim.  Additionally, in "weighing the gravity" of Petitioner's offense, the Court must consider not only his current felonies, but, also, his history of criminal activity.  *See Ewing*, 538 U.S. at  29.  Petitioner's convictions include misdemeanor car burglary, attempted first degree burglary, misdemeanor battery, possession and sale of rock

1   cocaine, and possession of cocaine base with intent to distribute.  The Petitioner has

2   previously served sentences in both state and federal prisons, and he was on probation

3   when he committed the current crimes.

4        Considering the second factor, the Petitioner compares his sentence with a

5   sentence for one count of first degree murder and argues that his crimes did not involve

6   physical injury or force.  The Petitioner's comparison ignores the fact that he was

7   convicted of *multiple* counts of sexual assault against a child.  Since the various sexual

8   assaults were separate offenses, he had an opportunity to reflect upon, but chose to

9   continue the criminal behavior.  Additionally, the Petitioner ignores the immeasurable

10  psychological harm suffered by his victim inherent in the 30 counts of sexual misconduct

11  he committed against that child.  Regardless, the Supreme Court has held  that a crime

12  does not need to involve force to warrant a lengthy sentence.  *Ewing,* 538 U.S. at 30-31.

13  The Petitioner makes no argument with respect to the third factor, failing to meet his

14  burden of showing that his punishment is more extreme than punishment for the same

15  crime in other jurisdictions.

16       The Petitioner's 133-year sentence does not raise an inference of gross

17  disproportionality to his crimes in light of the nature of the crimes and his criminal

18  history.  Accordingly, the Petitioner is not entitled to *habeas corpus* relief on his Eighth

19  Amendment claim.

20       It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

21  Denied.

22

23  Date: March 28, 2013

24                                                    _____

25

26                                                         Terry J. Hatter, Jr.

27                                                    Senior United States District Judge

28